IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cr-03034-01-MDH |
| | ) | |
| HON CHAU, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* motion for appointment of counsel (Doc. 57) and motion to reduce his sentence under Amendment 821. (Doc. 58). The government has filed a response stating application of Amendment 821 does not reduce defendant's criminal history category or his guidelines range and that he is ineligible for a reduction. (Doc. 64).

First, the Court appointed the Office of the Federal Public Defender to represent Defendant in response to his motion seeking relief in accordance with 18 U.S.C. § 3582(c)(2). (Doc. 59). The Federal Public Defender subsequently moved to withdraw from that representation and the motion was granted by the Court. (Doc. 61). Based on the Court's prior appointment of counsel Defendant's *pro se* motion for appointment of counsel is **DENIED** as moot. (Doc. 57). Defendant references an "appeal" in his motion to appoint counsel. However, the federal public defender was appointed, reviewed Defendant's case, and subsequently moved to withdraw. The Court finds no basis to appoint Defendant counsel in this matter.

Further, Defendant's relief under Amendment 821 is also denied for the reasons set forth in the government's response: following a guilty plea, defendant was convicted of possession with intent to distribute five grams or more of methamphetamine (actual), in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(B) (Count One); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). After sustaining an objection to the criminal history score calculation, for Count One, the Court calculated a total offense level 25, a criminal history score 17, a criminal history category VI, and an advisory guidelines range of 110 to 137 months' imprisonment. The total criminal history score included two criminal history points because defendant committed the instant offense while under a criminal justice sentence. See U.S.S.G. § 4A1.1(d) (2021). The Court imposed a sentence of 110 months on Count One and 60 months consecutive on Count Two, for a total term of 170 months' imprisonment.

In general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. *Dillon*, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the amendment does not apply to the defendant or his guidelines range does not change, the court may not reduce his sentence. See id. § 1B1.10(a)(2). Even if an amendment applies and reduces a defendant's guidelines range, this Court lacks authority to reduce a sentence below the amended guidelines range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. See *Dillon*, 560 U.S. at 829-30.

Defendant is not eligible for relief under Amendment 821 because application of Amendment 821 would not change his guidelines range. Under the then-existing guidelines, defendant's total criminal history score was 17 and his criminal history category was VI. Applying Amendment 821's change to § 4A1.1 to defendant's guidelines calculation would reduce his total criminal history score to 16 but would not change his criminal history category or his Guidelines range. See U.S.S.G. ch. 5.

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's opposition, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED: August 5, 2024  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**